637 So.2d 192 (1994)
The MISSISSIPPI BAR, Complainant,
v.
Charles T. SYKES, Jr., Respondent.
No. 94-BD-00167.
Supreme Court of Mississippi.
May 19, 1994.
Charles J. Mikhail, Jackson, for appellant.
Harry P. Sneed, Jr., Gulfport, for appellee.
En Banc.

ORDER OF DISBARMENT
This matter came before the Court sitting en banc on the Mississippi Bar's Formal Complaint seeking the disbarment of Charles T. Sykes, Jr., pursuant to Rule 6(a) of the Rules of Discipline for the Bar. Sykes, a member of the Mississippi Bar and subject to the disciplinary jurisdiction of this Court and its designated disciplinary agencies, was served with the Formal Complaint on February 18, 1994. Mr. Sykes filed a response answer to the Complaint on March 9, 1994. The Court, having fully considered the Formal Complaint and the response and being fully advised in the premises, finds as follows:
On or about November 23, 1992, Sykes pled guilty and was sentenced to conspiracy to embezzle ERISA funds, a felony violation of 18 U.S.C. § 371, in the United States District Court for the Southern District of Mississippi, in Cause No. S91-00070(G), being Count 1 of a three-count indictment. Pursuant to Rule 6 of the Rules of Discipline, a plea of guilty to a felony mandates automatic disbarment.
Sykes admitted his federal felony conviction in his response to the Formal Complaint of the Mississippi Bar, but sought to have his disbarment effective as of January 1, 1993. The reason given for this request was the Mississippi Bar allegedly unduly delayed the filing of its complaint until *193 February 18, 1994, thereby delaying Sykes' right to apply for re-admission to the bar by one year. The Bar denied prior knowledge of the federal conviction. The majority of the Court voted that Rule 12.1 of the Rules of Discipline requires that the reinstatement petition after disbarment begins to run "after the date the order of disbarment [becomes] final." MS State Bar v. Nixon, 562 So.2d 1288 (Miss. 1990).
IT IS THEREFORE ORDERED as follows:
1. Charles T. Sykes is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately removed from the rolls of the Mississippi State Bar;
2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment, and shall send Mr. Sykes' copy by Certified Mail, Return Receipt Requested;
3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;
4. The Clerk shall immediately forward an attested copy of this order of disbarment to the judges of the circuit, chancery and county courts of the districts where Sykes resides and practices, with instructions to include a copy of this judgment upon the minutes of their respective courts;
5. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi State Bar;
6. The Bar is entitled to recover from Mr. Sykes all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Order;
7. Mr. Sykes is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any Court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner, in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;
8. Within ten (10) days of receipt of this Order of Disbarment, Mr. Sykes shall notify in writing each of his Mississippi clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;
9. Mr. Sykes shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. Within thirty (30) days of receipt of this Order of Disbarment Mr. Sykes shall file with this Court an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so;
10. Within ten (10) days of receipt of this Order of Disbarment, Mr. Sykes shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected Courts and agencies, of his disbarment and consequent inability to act as an attorney. Within thirty (30) days of receipt of this Order of Disbarment Mr. Sykes shall file with this Court an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected Courts and agencies, *194 have been notified of his disbarment and consequent inability to act as an attorney.
SO ORDERED.
PRATHER, P.J., HAWKINS, C.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
DAN M. LEE, P.J., and BANKS, J., dissent as to the effective date of disbarment pursuant to MS State Bar v. Phillips, 385 So.2d 943, 951 (Miss. 1980).