675 So.2d 845 (1996)
The MISSISSIPPI BAR
v.
John Thomas MURPHY, Jr.
No. 95-BD-00973-SCT.
Supreme Court of Mississippi.
May 30, 1996.

ORDER OF DISBARMENT
McRAE, Justice.
This matter came before the Court sitting en banc as a Formal Complaint filed on September 26, 1995 by the Mississippi Bar against John Thomas Murphy, Jr., a member of the Bar now serving time in federal prison in Pensacola, Florida. Since Murphy entered a guilty plea to a felony charge in federal court, the Bar sought to disbar him pursuant to Rule 6(a) of the Rules of Discipline for the Mississippi Bar. This Court entered an Order to Show Cause on February 15, 1996. More than thirty days have passed and Murphy has not shown cause as to why he should not be disbarred. The Court, having fully considered the Formal Complaint and being fully advised in the premises, finds as follows:
Murphy entered a guilty plea on June 15, 1995 to one count of theft or embezzlement of government property pursuant to 18 U.S.C. § 641 in the United States District Court, Southern District of Mississippi. He was sentenced on August 25, 1995 to serve five months in the custody of the United States Bureau of Prisons and upon release, to serve an additional three years supervised release. He further was ordered to pay $38,207.26 in restitution. Judgment was entered in United States v. Murphy, No. 3:95cr22LS (S.D.Miss. Aug. 30, 1995).
Rule 6(a) of the Rules of Discipline provides as follows for the disbarment of an attorney who pleads guilty to a felony:
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting and acknowledging the offer or tender of a guilty plea pursuant to Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in the state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
Pursuant to this rule, entry of a plea of guilty to a felony mandates automatic disbarment. Mississippi Bar v. Sykes, 637 So.2d 192 (Miss. 1994). This Court has stated that disbarment "serves to help to preserve the dignity and reputation of the legal profession and also ensures protection of the public from such conduct." In re Baker, 649 So.2d 850, 853 (Miss. 1995).
*846 IT IS THEREFORE ORDERED as follows:
1. John Thomas Murphy, Jr. is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately removed from the rolls of the Mississippi State Bar;
2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment, and shall send Mr. Murphy's copy by certified mail, return receipt requested;
3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;
4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery and county courts of the districts where Murphy resided and practiced law, with instructions to include a copy of this judgment upon the minutes of their respective courts;
5. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi State Bar;
6. The Bar is entitled to recover from Mr. Murphy all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Order;
7. Mr. Murphy is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner, in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;
8. Within ten (10) days of receipt of this Order of Disbarment, Mr. Murphy shall notify in writing each of his Mississippi clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;
9. Mr. Murphy shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. Within thirty (30) days of receipt of this Order of Disbarment, Mr. Murphy shall file with this Court an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so;
10. Within ten (10) days of receipt of this Order of Disbarment, Mr. Murphy shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected courts and agencies, of his disbarment and consequent inability to act as an attorney. Within thirty (30) days of receipt of this Order of Disbarment, Mr. Murphy shall file with this Court an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected courts and agencies, have been notified of his disbarment and consequent inability to act as an attorney.
SO ORDERED.