Serial: **238316**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2021-BD-00435-SCT**

*THE MISSISSIPPI BAR*

*v.*

*RICHARD L. REYNOLDS*

**ORDER OF DISBARMENT**

¶1.     Richard L. Reynolds, a Mississippi licensed attorney, pled guilty to a felony on December 15, 2020, in a Texas federal court. The Mississippi Bar has filed its formal complaint seeking disbarment. Louisiana and Texas, where Reynolds is also barred, have disciplinary actions pending. Reynolds suggests that judicial economy dictates Mississippi await another jurisdiction's decision. He asks that Mississippi defer until a final decision is made in Louisiana and that his discipline would be dependent upon what Louisiana decides.[1] We decline and instead disbar Reynolds and revoke his license to practice law in this state.

¶2.     The Mississippi Bar, under Rules 6 and 13 of the Rules of Discipline for the Mississippi State Bar, filed a formal complaint against Reynolds seeking immediate suspension and disbarment.[2] Reynolds urges this Court to suspend these proceedings against

---

[1] Reynolds is also barred in Texas. The record does not reveal what action, if any, is occurring in Texas.

[2] The Supreme Court of Louisiana has already suspended Reynolds from the practice of law on an interim basis while it continues proceedings against him. The Supreme Court of Tennessee suspended Reynolds from the practice of law pending further orders.

him until his disciplinary process is final in Louisiana and then to impose discipline reciprocal to what is adjudicated in Louisiana.

¶3. Reynolds was licensed in Mississippi on May 5, 2004. On December 10, 2020, Reynolds pled guilty to misprision of a felony, having violated 18 U.S.C. § 4, in the United States District Court for the Northern District of Texas.

¶4. "This Court has 'exclusive jurisdiction and inherent jurisdiction of matters pertaining to attorney discipline.'" *Miss. Bar v. Galloway*, 118 So. 3d 558 (Miss. 2013) (internal quotation marks omitted) (quoting *McIntyre v. Miss. Bar*, 38 So. 3d 617, 622 (Miss. 2010)). Reynolds is a licensed attorney in the state of Mississippi. He is subject to the disciplinary jurisdiction of this Court, yet he asks this Court to ignore our jurisprudence and to await the action of a sister state.

¶5. Reynolds, a licensed Mississippi attorney, pled guilty to a felony under 18 U.S.C. § 4, misprision of a felony.[3] 18 U.S.C. § 4 reads:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4. Misprision is classified as a Class E Felony. 18 U.S.C. § 3559(a)(5). Reynolds served a sentence of six months and was ordered to pay a fine in the amount of $25,000.

¶6. This Court has held that "[p]ursuant to [Rule 6(a)], entry of a plea of guilty to a felony mandates automatic disbarment." *Miss. Bar v. Murphy*, 675 So. 2d 845 (Miss. 1996) (citing

---

[3] This Court takes judicial notice of *United States v. Reynolds*, No. 3:20-cr-00227-M, (N.D. Tex. 2020), pursuant to Mississippi Rule of Evidence 201.

***Miss. Bar v. Sykes***, 637 So. 2d 192 (Miss. 1994)). Rule 6(a) states:

> Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or pleas of nolo contendere therein . . . shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice law.

M.R.D. 6(a). Rule 6(d) reads in pertinent part that "[w]hen time for appeal from judgment or conviction . . . expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment."

¶7.     Reynolds is facing disciplinary action in Louisiana, Mississippi, Tennessee, and possibly Texas. Reynolds argues that judicial economy would best be served by suspending these proceedings to allow Louisiana to determine the extent of his punishment related to a crime committed in Texas. This Court finds his argument not well taken.

¶8.     This Court applies Mississippi rules to the breach of Mississippi rules and imposes appropriate discipline based on Mississippi rules and procedure. M.R.D. 1. By asking this Court to delay action while awaiting another state's decision only delays the inevitable. Our rules require disbarment. The discipline of disbarment "serves to help to preserve the dignity and reputation of the legal profession and also ensures protection of the public from such conduct." ***Murphy***, 675 So. 2d at 845 (internal quotation marks omitted) (quoting ***In re Reinstatement of Baker***, 649 So. 2d 850, 853 (Miss. 1995)). Judicial economy is not served by kicking the can down the road. Judicial economy and the people of this state would best be served by Reynolds's immediate disbarment.

¶9.    Our rules and precedent establish that disbarment is an appropriate sanction. This Court disbars Reynolds and revokes his license to practice before all Mississippi courts. Reynolds is required to pay all costs associated with the filing and prosecution of this complaint.

¶10.    IT IS THEREFORE ORDERED as follows:

1.    Richard L. Reynolds is disbarred from the practice of law in the State of Mississippi, and his name shall be immediately removed from the rolls of the Mississippi Bar;

2.    The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party a copy of this Order of Disbarment, and shall send Reynolds a copy by certified mail, return receipt requested;

3.    The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;

4.    The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery, and county courts of the districts in which Reynolds  resided and practiced law, with instructions to include a copy of this judgment upon the minutes of their respective courts;

5.    The Clerk shall forward an attested copy of this Order of Disbarment to the executive director of the Mississippi Bar;

6.    Reynolds is assessed all costs of this disciplinary proceeding, including the $200 formal-complaint-filing fee and the $30 service-of-process fee. *See* M.R.D. 25(a);

7.    Reynolds is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the state of Mississippi, or before any administrative body or agency; from holding himself out to others as or using his name in any manner, in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this state by the Supreme Court of Mississippi;

4

8.  Within ten days of receipt of this Order of Disbarment, Reynolds shall notify in writing each of his clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;

9.  Reynolds shall return all files, papers, monies, and other properties belonging to his clients in his possession if any such clients request them after receiving notification from him. Within thirty days of receipt of this Order of Disbarment, Reynolds shall file with this Court an affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies, and other property belonging to such clients have been returned as ordered and showing in the cases in which it was not possible to notify such clients or return their property that due diligence was used to do so;

10. Within ten days of receipt of this Order of Disbarment, Reynolds shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected courts and agencies of his disbarment and consequent inability to act as an attorney.

SO ORDERED, this the 21st day of September, 2021.


/s / Michael K. Randolph

MICHAEL K. RANDOLPH,
CHIEF JUSTICE
FOR THE COURT