DICKINSON, Justice,
for the Court.
¶ 1. This is an appeal filed by an attorney who failed to appear at his disciplinary hearing after his sixth violation of the Mississippi Rules of Professional Conduct (the “Rules”). The Complaint Tribunal found the attorney should be suspended from the practice of law for ninety days. However, finding inexcusable the attorney’s past and continuing disregard for the Rules, we reject the recommendation of the Complaint Tribunal, and suspend him from the practice of law for a period of one year, and continuing thereafter, until such time as he passes the Multi-State Professional Responsibility exam.
BACKGROUND FACTS AND PROCEEDINGS
¶ 2. Peter A.C. Stewart III (“Stewart”) has been disciplined by the Mississippi Bar on numerous occasions[1] prior to this appeal. On April 1, 2004, the Bar issued Stewart two public reprimands for violation of Rules 1.2(a), 1.3, 1.4, 8.1(b), and 8.4(a) of the Mississippi Rules of Professional Conduct. In that instance, Stewart failed to appear at the investigatory hearing. Furthermore, on June 30, 2004, the Bar issued Stewart a public reprimand for violation of Rule 8.1(b) of the Mississippi Rules of Professional Conduct. Again, Stewart failed to appear at the investigatory hearing. On June 30, 2004, the Bar issued Stewart a private reprimand for violation of Rules 1.2, 1.3, 1.4, and 8.1(b) of the Mississippi Rules of Professional Conduct. On April 8, 2005, the Bar issued Stewart another public reprimand for violation of Rules 1.4, 5.3(a) and 8.1(b) of the Mississippi Rules of Professional Conduct. On November 15, 2005, the Bar issued Stewart a public reprimand for violation of *9 Rules 1.1, 1.15(a), 1.15(b), 1.16(d), and 8.1(b) of the Mississippi Rules of Professional Conduct.
¶ 3. Against that background, we now turn to the case before us, which marks Stewart’s sixth violation of the Rules in less than two years. On August 12, 2005, Luciana James (“James”) filed an informal Bar complaint against Stewart. The Bar sent a copy of the informal complaint to Stewart, and requested that he respond to its allegations. Stewart failed to respond to any request for information during the informal complaint process.
¶ 4. Additionally, Marvin Bruce, (“Mr. Bruce”) and his wife, Penelope Ann Bruce (“Mrs. Bruce”) filed an informal Bar Complaint on September 19, 2005, alleging that Stewart failed to perform legal services after collecting a $750 retainer.[2] Again, the Bar provided a copy of the informal complaint to Stewart, and requested that he respond. Again, Stewart failed to respond to any request for information during the informal Bar complaint process.
¶ 5. In response to the informal complaints, the Bar filed a formal complaint on February 15, 2006, pursuant to a directive from the Committee on Professional Responsibility, as contemplated by Rule 7(b)(iii) of the Rules of Discipline for the Mississippi State Bar.
¶ 6. Stewart filed a response to the formal complaint on April 19, 2006, and a supplemental response on June 1, 2006. In the response filed April 19, 2006, Stewart did not admit or deny any of the claims regarding the Bruces and did not supplement his answer. In fact, Stewart specifically stated that he would return the Bruces’ pre-paid attorney’s fee of $750 within ten days. In his supplemental response filed on June 1, 2006, Stewart provided information about his representation of James, stating that he had completed the objectives of the representation for which he had been hired.
*10 ¶ 7. The Bar served Stewart with interrogatories, a request for admissions, and a request for the production of documents. After receiving no response to discovery within thirty days, the Bar filed a Rule 37(d) motion, requesting that matters set forth in its request for admissions be deemed admitted, and moving for judgment on the pleadings. Thereafter, Stewart filed untimely responses to the discovery request.
¶ 8. A scheduling order was issued on March 16, 2006, setting the matter for trial on July 20, 2006. Neither Stewart nor anyone representing him appeared on that date before the Complaint Tribunal. The trial went forward and, after hearing the Bar’s argument and considering Stewart’s supplemental response to the complaint, the Tribunal granted the Bar’s ore terms motion to dismiss the allegations in Count 2 of the formal complaint with the exception of the allegation of violation of Mississippi Rule of Professional Conduct 8.1(b).[3]
¶ 9. The Bar then moved to dismiss its motion for Rule 37(d) relief as to the Bar’s first set of interrogatories, since Stewart eventually responded to the interrogatories. Although Stewart did not respond to the Bar’s request for production of documents, Stewart was not present at the hearing, and therefore, the Bar’s requested relief[4] was moot. As to the Bar’s request for production of documents, the motion was dismissed. Furthermore, because Stewart eventually responded to the Bar’s request for admissions, the Bar moved to dismiss its motion to deem admitted those matters in the Bar’s request for admissions, which the Tribunal granted.
¶ 10. After hearing arguments on the Bar’s motion for judgment on the pleadings as to Count 1, the Tribunal considered the allegations, and Stewart’s responses thereto, under Mississippi Rule of Civil Procedure 12(c). The Tribunal also considered Stewart’s responses to discovery, and treated the Bar’s motion for judgment on the pleadings as a motion for summary judgment. Finding that there were no genuine issues of material fact and that the Bar was entitled to judgment as a matter of law, the Tribunal granted summary judgment as to Count 1 of the formal complaint.
¶ 11. As to the conduct that led to the cause of action before this Court today, the Tribunal found that:
A. Stewart violated Mississippi Rule of Professional Conduct 1.2(a) by failing to abide by the Bruces’ objectives in the representation, that Mr. Bruce be represented in the child support modification case brought by the Mississippi Department of Human Services.
B. Stewart violated Mississippi Rule of Professional Conduct 1.3 by failing to act with reasonable diligence and promptness in representing Mr. Bruce in the child support modification matter for which he was hired.
C. Stewart violated Mississippi Rule of Professional Conduct 1.4 by failing to communicate with the Bruces after undertaking Mr. Bruce’s representation and by failing to respond to the Bruces’ requests for information about the case to the point that the Bruces terminated his representation.
*11 D. Stewart violated Mississippi Rule of Professional Conduct 1.16(d) by failing to return unearned fees to the Bruces when they terminated his representation.
E. Stewart violated Mississippi Rule of Professional Conduct 8.1(b), when he failed to answer the informal complaints of the Bruces and James, even though the Office of General Counsel for the Bar demanded that he respond.
F. Stewart violated Mississippi Rules of Professional Conduct 8.4(a) and 8.4(d) by violating the aforementioned Mississippi Rules of Professional Conduct and by engaging in conduct prejudicial to the administration of justice by causing the Bruces to hire another attorney to complete the child support modification matter in Mississippi, by causing the matter in Illinois to be delayed, and by failing to appear before this Tribunal.
¶ 12. At the close of the evidence, the Complaint Tribunal suspended Stewart from the practice of law for a period of ninety days. Stewart appeals, claiming the ninety-day suspension is too harsh. Stewart claims he did not receive the scheduling order setting the date for the original hearing,[5] and seeks a new disciplinary hearing. The issues raised on appeal are: (1) whether Stewart is entitled to a new hearing because the Court did not issue the scheduling order within ten days; (2) whether Stewart is entitled to a new hearing because the final order was entered after the date set by the scheduling order; (3) whether Stewart is entitled to a new hearing because he did not receive notice of the date and time of the hearing; (4) whether the Tribunal erred in granting the Bar’s motion for summary judgment; and (5) whether the ninety-day suspension is too harsh.
DISCUSSION
¶ 13. This Court has exclusive jurisdiction over all matters pertaining to attorney discipline, and is “the ultimate judge of matter[s] arising under the Rules of Discipline for the Mississippi Bar.” The Miss. State Bar v. Thompson, 797 So.2d 197, 198 (Miss.2000) (quoting Broome v. Miss. State Bar, 603 So.2d 349, 354 (Miss. 1992)). On appeal, this Court reviews the entire record and the conclusions of the Tribunal de novo. Miss. R. Disc. 9.4; Broome, 603 So.2d at 353 (citing Steighner v. Miss. State Bar, 548 So.2d 1294, 1297 (Miss.1989)). This Court may impose sanctions more or less severe than those imposed by the Complaint Tribunal. Broome, 603 So.2d at 353. However, deference is given to the Tribunal’s findings because of its exclusive opportunity to observe the demeanor and attitude of the witnesses. Id. (citing The Miss. State Bar v. Strickland, 492 So.2d 567 (Miss.1986)). To be subject to discipline, an attorney must be shown to have violated a rule of professional conduct by clear and convincing evidence. See Myers v. Miss. State Bar, 480 So.2d 1080, 1087 (Miss.1985) (citing Netterville v. Miss. State Bar, 397 So.2d 878, 884 (Miss.1981)).
¶ 14. Stewart argues he is entitled to a new hearing because: (1) The Court did not issue the scheduling order within ten days; (2) the final order was entered after the date set by the scheduling order; (3) he did not receive notice of the date and time of the hearing; and (4) the Tribunal erred in granting the Bar’s motion for summary judgment. Stewart also argues *12 that a ninety-day suspension is too harsh. We will address each of these issues.
I.
¶ 15. Stewart argues that he is entitled to a new hearing because the Court did not issue a scheduling order within ten days. Rule of Discipline 8.1 states, “[w]ithin ten (10) days following the designation of a Complaint Tribunal, the presiding judge shall establish a tentative schedule for discovery, motion hearings rulings, trial and adjudication, all of which shall be completed within one hundred and eighty (180) days from the date of the designation of the Tribunal, unless extended by the Court on motion of either party for good cause shown.” Miss. R. Disc. 8.1. However, Rule 26 states,
[references to time within these rules and procedural sections are directory and not jurisdictional. Time limitations are administrative, not jurisdictional; however, the time for filing appeals or seeking reinstatement shall be jurisdictional. Failure to observe directory time interval may result in contempt of the agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding.
Miss. R. Disc. 26 (emphasis added). Abatement is defined by Black’s Law Dictionary as “the act of eliminating or nullifying.” Black’s Law Dictionary 3 (8th ed.2004). This Court is not required to nullify the hearing,[6] see Miss. R. Disc. 26, and we deny Stewart a new hearing based on this issue.
II.
¶ 16. Next, Stewart argues he is entitled to a new hearing because the Tribunal signed its Opinion and Judgment after the date specified in the scheduling order.[7] For the same reasons stated in Part I, supra, we deny Stewart’s request for a new hearing.
III.
¶ 17. Stewart claims he never received the scheduling order setting the date and time for his hearing and, therefore, he is entitled to a new hearing on the merits.[8] On the other hand, the Bar claims it sent the required notice. Counsel for the Bar claims to have had discussions with Stewart about the hearing. We find this factual dispute was resolved in favor of the Bar, and we decline to disturb that finding.
¶ 18. Furthermore, Stewart admits he received the formal complaint on March 20, 2006. As detailed in the facts section, Stewart clearly is not new to the disciplinary process. Under Rule 8(a), “all formal complaints shall be filed with the Clerk of the court and the Court shall designate a Complaint Tribunal to hear and determine the matter.... ” Miss. R. Disc. 8(a). As discussed supra, the scheduling order is *13 tentatively issued ten days after the designation of the Tribunal. The scheduling order sets the date for final adjudication, tentatively 180 days after the designation of the Tribunal. Miss. R. Disc. 8.1.
¶ 19. A review of the rules would lead any reasonable attorney who had received no notice of the hearing date as the 180-day deadline approached, to at least inquire as to the hearing date and the absence of notice. Stewart knew, or constructively knew, that the hearing was to be scheduled within 180 days and, since only a few weeks remained, Stewart knew or should have known that the hearing was approaching, and that he had an affirmative duty to inquire.
¶ 20. In Fougerousse v. Mississippi State Bar, this Court reasoned that even if Fougerousse did not receive the scheduling order, when he received the formal complaint, “he was on notice that the ‘wheels of justice’ had begun to turn and his level of concern and attention should have reached its highest possible point, particularly in light of the fact that his right to continue to practice law, his livelihood, was being challenged.” Fouger-ousse, 563 So.2d 1363, 1366 (Miss.1990).
¶ 21. The fact that Stewart failed to respond during the informal Bar complaint process when demand was made by the Office of General Counsel — not only in the instant action but also in all five previous disciplinary actions' — -further undermines his claim that he was denied the opportunity to be heard. As noted in the facts, Stewart failed to show up at two other hearings regarding different disciplinary actions. We find disingenuous Stewart’s claim that he was not made aware of the hearing, and we therefore find that Stewart should not be granted a new hearing based on this argument.
IV.
¶ 22. Stewart further argues that the Tribunal erred in granting the Bar’s motion for summary judgment. The record clearly reflects that the Tribunal took into account all of Stewart’s responses and answers, whether timely or not. At the hearing, Gwen Combs, deputy general counsel for the Bar, moved to dismiss her Rule 37(d) motion and the motion to deem admitted those matters in the request for admissions. Therefore, any argument by Stewart that the Court erred in granting summary judgment because the Tribunal did not consider his untimely answers and responses is without merit.
V.
¶ 23. Finally, Stewart argues that a ninety-day suspension is too harsh, because it would work an undue financial hardship on him. However, financial hardship is not one of the nine factors considered by the Court as outlined in Liebling v. Mississippi Bar, 929 So.2d 911, 918 (Miss.2006). The nine factors are:
1. The nature of the misconduct involved;
2. The need to deter similar misconduct;
3. Preservation of dignity and reputation of the legal profession;
4. Protection of the public;
5. Sanctions imposed in similar cases;
6. The duty violated;
7. The lawyer’s mental state;
8. Actual or potential injury resulting from the misconduct; and
9. Existence of aggravating or mitigating factors.
¶24. Stewart’s numerous arguments that a ninety-day suspension is too harsh are either irrelevant or based on a misunderstanding of the factors. He argues that, while he made a mistake, it “was not *14 intentional or deceitful or anything stemming from an intentional dishonesty.” Stewart claims that although he made a mistake as to the nature of the Bruces’ child support matter, he never abandoned his client, failed to work on the case or deceitfully accepted a fee from the Bruces with no intention to earn his fee.
¶ 25. While it may be true that Stewart made a mistake as to the nature of the claim, and his initial violations may well have been unintentional and innocent, he does not account for his failure to act after he unquestionably knew both the nature of the claim and the fact that his clients were unable to contact him (because his phone and e-mail were out of order). Furthermore, Stewart showed utter and complete disrespect for the Bar and the disciplinary process by ignoring the informal complaint process.
¶ 26. This Court considers an attorney’s history of prior violations of the Rules — and especially those for similar conduct — -to be an aggravating factor when determining disciplinary measures. See Terrell v. Miss. State Bar, 662 So.2d 586, 592-593 (Miss.1995); The Miss. State Bar v. Hall, 612 So.2d 1075, 1077 (Miss.1992). As detailed earlier, this action marks Stewart’s sixth disciplinary action and sixth violation of Rule 8.1(b).
¶ 27. We are always reluctant to deviate from the recommendations of a Tribunal without carefully considering all matters within the record which may have led the Tribunal to its decision for punishment. However, in this case, we are at a loss to understand why the Tribunal — taking into account Stewart’s prior history— concluded that a ninety-day suspension was appropriate punishment, and would finally get Stewart’s attention.[9]
¶28. This Court may impose sanctions of more severity than those imposed by the Complaint Tribunal. Broome, 603 So.2d at 353. Accordingly, after careful consideration, we find that the appropriate punishment for Stewart’s sixth violation of the Rules is a suspension from the practice of law for a period of one year, and continuing thereafter until such time as he passes the Multi-State Professional Responsibility exam.
¶ 29. This Court in In re Benson, 890 So.2d 888, 890 (Miss.2004), set forth the requirements, under Rule 12 of the Mississippi Rules of Discipline, for reinstatement after suspension. In accordance with that decision, the petitioner must: 1) State the cause or causes for suspension or disbarment; 2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; 3) make full amends and restitution; 4) show that he has the necessary moral character for the practice of law; 5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. Id. at 890. Furthermore, we order that Stewart, prior to reinstatement, write an appropriate letter of apology to the Bruces for the inattentive handling of their important legal matter.
¶ 30. The Bar and this Court have been extremely lenient in dealing with Stewart’s previous five violations, and even in its decision today, this Court continues to be lenient. We caution Stewart, however, that any future violation of the Rules should not be committed in contemplation of this Court’s continuing leniency.
CONCLUSION
¶ 31. This Court finds that Stewart is not entitled to a new hearing. Further *15 more, due to his habitual violation of the Rules of Professional Conduct and indifference towards the complaint process, we order that Stewart’s license to practice law in the State of Mississippi be suspended for a period of one year from the date this decision becomes final, and continuing thereafter, until such time as he passes the Multi-State Professional Responsibility exam.
¶ 32. PETER A.C. STEWART, III, IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR A PERIOD OF ONE YEAR FROM THE DATE THIS DECISION BECOMES FINAL, AND THEREAFTER, UNTIL SUCH TIME AS HE PASSES THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM.
SMITH, C.J., WALLER, P.J., CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., AND GRAVES, J.

. Generally, the five previous disciplinary actions involved actions such as client abandonment, safekeeping of client property and failure to respond to the disciplinary proceedings as a resulting therefrom.

. In May 2005, the Bruces retained Stewart to represent Mr. Bruce in an action for modification of child support. The Bruces paid Stewart a retainer of $750 for his services. The petition to modify child support in Mississippi was necessary in order for Mr. Bruce to respond to a petition filed in Illinois, seeking a modification of a child support order. The Bruces had retained Illinois attorney, Louis C. Bowman (Bowman). This order originated in Yazoo County, Mississippi.
On June 1, 2005, Bowman received a letter by facsimile from Stewart confirming a court date of July 5, 2005, before Judge Janace Goree in Yazoo County Chancery Court. Stewart claims he contacted Judge Goree’s Court Administrator who informed him that this matter was before Judge Goree and of the court date. Stewart asserts that when he went to the Yazoo County Chancery Court, court was not in session. Judge Goree’s Administrator denies speaking with Stewart. The same day, Stewart claims to have contacted Yazoo County Department of Human Services and was told there was a Uniform Reciprocal Enforcement of Support Act ("URESA”) child support matter for Mr. Bruce and that he would have to schedule a court date through the Yazoo County DHS office. There is no evidence in the record that Stewart scheduled the court date.
Thereafter, Mrs. Bruce allegedly telephoned Stewart regarding the progress of the case, but Stewart’s telephone number was no longer in service and her e-mail was returned as undeliverable. The Bruces were unable to contact Stewart, and the last time he contacted them or Bowman was on June 14, 2005. On August 5, 2005, the Bruces terminated Stewart's representation and demanded that their $750 retainer be returned. According to the Bruces, their retainer has not been returned.
Stewart claims that he repeatedly called Bowman and received no response. He was eventually informed that Bowman no longer represented the Bruces and did not have their address. The record indicates that Stewart’s contact with Bowman occurred more than eight months after he was terminated as the Bruces’ attorney.

. Rule 8.1(b) states in part that "a lawyer ... shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority....”

. The relief requested by the Bar was that Stewart not be allowed to introduce documents as to Count 1 of the formal complaint into evidence at the hearing.

. Count 1 detailed Stewart’s underlying conduct and his violations of Rules 1.2(a), 1.3, 1.4, 1.16(d), 8.1(b), 8.4(a), and 8.4(d) of the Mississippi Rules of Professional Conduct.

. The Complaint Tribunal was appointed February 16, 2006, and the scheduling order was entered on March 14, 2006, and filed March 16, 2006.

. The scheduling order stated “a final adjudication shall be entered no later than August 2, 2006.” The Tribunal members signed the Opinion and Judgment as follows: Judge Beverly M. Franklin on August 10, 2006; Honorable Trent Howell on August 10, 2006; and Honorable Joyce I. Chiles on August 7, 2006. The Opinion and Judgment was filed on August 22, 2006.

.The Bar argues that Stewart is not entitled to a new hearing because, even if he did not receive the Order, he did not file a motion for relief under either Rule 59 or Rule 60, to allow his lack-of-notice issue to be heard by the Complaint Tribunal. Since this Court addresses Stewart’s argument on the merits and denies his request for a new trial, this issue need not be addressed.

. As stated previously, Stewart has had five previous disciplinary actions, yielding four public reprimands and two private reprimands.