# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-BR-01310-SCT

*PETER A. C. STEWART, III*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR PETITIONER: | MARK A. NELSON |
| ATTORNEYS FOR RESPONDENT: | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED - 12/02/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Peter A.C. Stewart, III, was admitted to the practice of law in the state of Mississippi in 1997 and actively practiced until his one-year suspension by this Court in 2007. Stewart is now seeking reinstatement, alleging that he has rehabilitated himself and has met the requirements for reinstatement. This Court concludes that he has met the requirements to be reinstated to the practice of law.

## FACTS

¶2.     Stewart is a 54-year-old 1992 graduate of the University of Mississippi School of Law. He was suspended from practice by this Court in 2007. The Complaint Tribunal found that Stewart should be suspended for a period of ninety days after failing to appear at his disciplinary hearing and after his sixth violation of the Mississippi Rules of Professional

Conduct. Stewart appealed those findings to this Court, alleging that the ninety-day suspension was too harsh. This Court in *Stewart v. Mississippi Bar*, 969 So. 2d 6 (Miss. 2007), suspended Stewart for six separate matters. The Court found that the ninety-day suspension was too lenient given Stewart's history of violations and that a one-year suspension was more appropriate. *Id.* at 11. Stewart was suspended from practice for a period of one year by the Court and "thereafter until such time as he passed the Multi-State Professional Responsibility Exam." *Id.* at 14.

¶3. After Stewart's suspension, he shut down his practice, and his cases were assigned to other attorneys. Stewart stated he experienced depression and continued his lifelong abuse of alcohol and drugs until September 2017 when he sought the help of the Bar's Lawyer and Judges Assistance Program (LJAP). He then executed a five-year substance-abuse monitoring contract with LJAP. Stewart attached his monitoring contract with LJAP to his petition along with his correspondence with the director of LJAP regarding his compliance with this contract.

¶4. Further, Stewart communicated his apologies to his former clients, Marvin and Penelope Ann Bruce, in compliance with this Court's 2007 opinion. In compliance with this Court's opinion, Stewart has reimbursed the Mississippi Bar and has paid the filing fees for this case. Stewart has also volunteered with civic and charitable organizations and is active in working with recovering alcoholics and addicts. Stewart is now asking to be reinstated to the practice of law.

**STANDARD OF REVIEW**

¶5.     This Court has "exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys." *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999)). "This Court reviews the evidence in disciplinary matters de novo, on a case-by-case basis sitting as triers of fact." *In re Smith*, 758 So. 2d at 397 (quoting *In re Pace*, 699 So. 2d 593, 595 (Miss. 1997)).

## DISCUSSION

¶6.     This Court finds that Stewart's Petition for Reinstatement satisfies the requirements of Rule 12 of the Mississippi Rules of Discipline. Rule 12 governs the reinstatement of suspended attorneys:

> **(a)**     No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.
>
> **(b)**     Reinstatement to the practice of law following any discipline shall be only upon proof of compliance with any such sanctions.

M.R.D. 12(a)-(b). This Court's fundamental inquiry in determining whether to grant a reinstatement is "whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." *Derivaux v. Miss. State Bar*, 226 So. 3d 97, 99 (alteration in original) (internal quotation mark omitted) (quoting *In re Steele*, 722 So. 2d 662, 664 (Miss. 1998)). The burden rests on the petitioner to prove that "he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner." *Burgin v. Miss. State Bar*, 453 So. 2d 689, 691 (Miss. 1984) (citing *Ex Parte Marshall*, 165 Miss. 523, 147 So. 791 (1933)). Suspended attorneys

3

must comply with the requirements of Rule 12 in order to demonstrate entitlement to reinstatement. ***Derivaux***, 226 So. 3d at 99 (citing ***In re Benson***, 890 So. 2d 888, 890 (Miss. 2004)).

¶7.    The petitioner must:

> (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

***In re Benson***, 890 So. 2d at 890. This Court considers the Bar's position when determining whether to reinstate a suspended attorney. ***Derivaux***, 226 So. 3d at 99 (citing ***In re Benson***, 890 So. 2d at 890).

### A.    Cause for Suspension

¶8.    Stewart's Petition stated that he was suspended for six separate matters that are set forth in this Court's opinion in ***Stewart v. Miss. Bar***, 969 So. 2d 6 (Miss. 2007). The Complaint Tribunal found that:

> A.    Stewart violated Mississippi Rule of Professional Conduct 1.2(a) by failing to abide by the Bruces' objectives in the representation, that Mr. Bruce be represented in the child support modification case brought by the Mississippi Department of Human Services.
>
> B.    Stewart violated Mississippi Rule of Professional Conduct 1.3 by failing to act with reasonable diligence and promptness in representing Mr. Bruce in the child support modification matter for which he was hired.
>
> C.    Stewart violated Mississippi Rule of Professional Conduct 1.4 by failing to communicate with the Bruces after undertaking Mr. Bruce's representation and by failing to respond to the Bruces' requests for

4

information about the case to the point that the Bruces terminated his representation.

D.      Stewart violated Mississippi Rule of Professional Conduct 1.16(d) by failing to return unearned fees to the Bruces when they terminated his representation.

E.      Stewart violated Mississippi Rule of Professional Conduct 8.1(b), when he failed to answer the informal complaints of the Bruces and James, even though the Office of General Counsel for the Bar demand that he respond.

F.      Stewart violated Mississippi Rules of Professional Conduct 8.4(a) and 8.4(d) by violating the aforementioned Mississippi Rules of Professional Conduct and by engaging in conduct prejudicial to the administration of justice by causing the Bruces to hire another attorney to complete the child support modification matter in Mississippi, by causing the matter in Illinois to be delayed and by failing to appear before this Tribunal.

*Id.* at 10-11.

## B.      Pecuniary Loss

¶9.     Stewart's petition states that Penelope Ann Bruce was the only former client that suffered any pecuniary loss.  In compliance with this Court's 2007 opinion, Stewart communicated his apologies to the Bruces and also returned the fees paid by the Bruces. Stewart's petition included an email from Penelope Ann Bruce that contained her current address.  Therefore, Stewart has satisfied the requirement to give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to his improper conduct.

## C.      Full Amends and Restitution

5

¶10.   Stewart's petition states that he reimbursed the Mississippi Bar the sum of $531 for expenses incurred in the proceedings.  Stewart has also paid the filing fees for this case and stated in his petition for reinstatement that he is willing to pay the Bar's expenses.

### D.   Moral Character

¶11.   Stewart has shown that he has rehabilitated himself and has the requisite moral character sufficient to entitle him to reinstatement.  Stewart executed a five-year substance-abuse monitoring contract with LJAP and has complied in all respects with his LJAP contract.  He has done everything required or recommended by treatment providers, and all drug screens submitted have been negative for substance abuse.  Stewart attached his monitoring contract with LJAP to his petition along with his correspondence with the director of LJAP regarding his compliance with the contract.  Stewart also attached a letter from his LJAP monitor recommending readmission. Stewart has the full support of his supervisor from his job at the Human Resources Department at Ellisville State School and attached to his petition for reinstatement a letter from his supervisor.

¶12.   Stewart has further shown that he has the necessary moral character for the practice of law by volunteering for numerous civic and charitable organizations.  He is active in working with recovering alcoholics and addicts. Stewart avers that he is now sober and believes that his suspension ultimately led to his sobriety.  He states that he feels he owes a debt to the Bar and the public to "pay it forward."  Stewart claims that he has dedicated himself to determining and understanding all the factors that contributed to his lapse of character and conduct.

6

### E. Legal Learning

¶13. Stewart's petition includes sufficient evidence to demonstrate that he has the requisite legal education to be reinstated to the privilege of practicing law. Stewart has actively continued his legal education since his suspension. In compliance with this Court's opinion, he has taken and passed the Multi-State Professional Responsibility Exam. He states that he regularly reads the decisions of this Court as well as federal court opinions. Further, he has attended Continuing Legal Education programs sponsored by LJAP and other entities.

## CONCLUSION

¶14. Stewart has satisfied the requirements of Mississippi Rule of Discipline 12 for reinstatement. Additionally, he has shown that he has rehabilitated himself in conduct and character. Stewart is reinstated to practice law in the state of Mississippi.

¶15. **REINSTATEMENT GRANTED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. BEAM, J., NOT PARTICIPATING.**