*1053
ORDER OF DISBARMENT

¶ 1. This matter came before the Court sitting en banc on the Mississippi Bar’s Formal Complaint seeking the disbarment of Edward O’Neal Benson, pursuant to Rule 6(a) of the Rules of Discipline for the Bar. Benson, a member of the Mississippi Bar and subject to the disciplinary jurisdiction of this Court and its designated disciplinary agencies, was served with the Formal Complaint on August 25, 1999. Although Benson did not file a formal response, he did file a letter on September 15, 1999, stating that he did not object to the Formal Complaint. The Court, having fully considered the Formal Complaint with attached sentencing order and letter from Benson, and being fully advised in the premises, finds as follows:
¶2. On or about August 12, 1999, the Circuit Court of Pike County entered a Sentencing Order in Case No. 99-418-KA convicting Benson of Information Embezzlement, a felony. Benson pled guilty to the crime, and the court ordered him to be placed on probation for a period of five years under the supervision of the Mississippi Department of Corrections, perform 150 hours of community service work, pay a fine of $1,000.00, court costs, and make full restitution.
¶ 3. Pursuant to Rule 6(a) of the Rules of Discipline, a plea of guilty to a felony mandates automatic disbarment. Mississippi Bar v. Murphy, 675 So.2d 845 (Miss.1996); Mississippi Bar v. Sykes, 637 So.2d 192 (Miss.1994). This Court has stated that disbarment “serves to help to preserve the dignity and reputation of the legal profession and also ensures protection of the public from such conduct.” Mississippi Bar v. Murphy, 675 So.2d at 845 (quoting In re Baker, 649 So.2d 850, 853 (Miss.1995)).
¶ 4. IT IS, THEREFORE, ORDERED as follows:
¶ 5. 1. Edward O’Neal Benson is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately removed from the rolls of the Mississippi Bar;
¶ 6. 2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment, and shall send a copy to Benson by certified mail, return receipt requested;
¶ 7. 3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;
¶ 8. 4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery and county courts of the districts where Benson resided and practiced law, with instructions to include a copy of this judgment upon the minutes of their respective courts;
¶ 9. 5. The Clerks shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi Bar;
¶ 10. 6. The Bar is entitled to recover from Benson all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall files its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Order;
¶ 11. 7. Benson is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any Court of the State of Mississippi, or before any administrative body or agency thereof; and from holding himself out to others as or using his name in any manner, in conjunction with the phrases “attorney at law,” “attorney,” “counselor at law,” “counselor,” or “lawyer,” for the period of his disbarment *1054 until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;
¶ 12. 8. Within ten (10) days of receipt of this Order of Disbarment, Benson shall notify in writing each of his Mississippi clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;
¶ 13. 9. Benson shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. Within thirty (30) days of receipt of this Order of Disbarment, Benson shall file with this Court an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so; and
¶ 14. 10. Within ten (10) days of receipt of this Order of Disbarment, Benson shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected Courts and agencies, of his disbarment and consequent inability to act as an attorney. Within thirty (30) days of receipt of this Order of Disbarment, Benson shall file with this Court an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected Courts and agencies, have been notified of his disbarment and consequent inability to act as an attorney.
¶ 15. SO ORDERED, this the 19th of November, 1999.
/s/ William L. Waller, Jr. WILLIAM L. WALLER, JR. JUSTICE