890 So.2d 888 (2004)
In the Matter of the Petition of Edward O. BENSON for Reinstatement to the Practice of Law.
No. 2004-BR-00072-SCT.
Supreme Court of Mississippi.
August 19, 2004.
*889 Edward O. Benson, Pro Se.
Adam Kilgore, attorney for appellee.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. Edward O'Neal Benson petitions for reinstatement to the practice of law. The Mississippi Bar opposes his petition for reinstatement. We deny Benson's petition.

FACTS
¶ 2. On November 19, 1999, we entered an order disbarring Benson from membership in the Mississippi Bar and revoking his license to practice law in the State of Mississippi. Miss. Bar v. Benson, 749 So.2d 1052, 1053 (Miss.1999). We automatically disbarred Benson in accordance with Mississippi Rule of Discipline 6(a) after he pled guilty to the felony of information embezzlement. Id. The Circuit Court of Pike County convicted Benson of information embezzlement and ordered him to be placed on probation for five years, perform 150 hours of community service, pay a fine of $1,000.00, pay court costs, and make full restitution. Id.

DISCUSSION
¶ 3. We have exclusive and inherent jurisdiction over matters regarding attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. In re Morrison, 819 So.2d 1181, 1183 (Miss.2001). We review the evidence in disciplinary matters de novo on a case-by-case basis as triers of fact. Id.
¶ 4. Under Mississippi Rule of Discipline 12, an attorney who has either been suspended or disbarred for six months or *890 longer must petition this Court in order to be reinstated and demonstrate compliance with any related sanctions. Miss. R.D. 12. In making his petition for reinstatement, the petitioner carries the burden of proving that he has rehabilitated himself and established the requisite moral character to entitle him to the privilege of practicing law. In re Holleman, 826 So.2d 1243, 1246 (Miss.2002).
¶ 5. Before we will reinstate, the fundamental issue we must address is the attorney's rehabilitation in conduct and character since the disbarment. Id. at 1246-47. The petitioner must demonstrate this by meeting the jurisdictional requirements of Rule 12. Id. at 1247.[1]
¶ 6. In past decisions, we have stated varying versions of the jurisdictional requirements of Rule 12.[2] Today, for the sake of jurisprudential clarity, we enunciate the following five jurisdictional requirements which will henceforth apply to Rule 12 reinstatement petitions. The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution, (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. Though not a jurisdictional requirement, we consider the Bar's position as to reinstatement as a factor in determining whether to grant the petition. Id. at 1248.
¶ 7. First, in giving the cause for disbarment, Benson merely states that he "pled guilty to information embezzlement" and that he does not dispute the facts warranting discipline. Though Benson may not dispute the facts warranting discipline, he leaves us wholly uninformed as to what those facts are. Benson is not required to give a meticulous account of his past indiscretions, but he does have a responsibility to give us a clear description of what improper actions led to his disbarment. Merely mentioning the act for which he pled guilty does not suffice, and he has therefore failed this prong of the jurisdictional requirement.
¶ 8. Second, Benson totally neglects to give the names and current addresses of those who suffered pecuniary loss as a result of his improper conduct. Instead, without explaining who "The Brumfield[s]" are, he flatly alleged that the pecuniary loss he had caused them had either been settled or compromised. The Bar also noted that the Brumfields were not the only parties who suffered pecuniary loss as a result of Benson's conduct; yet he neglected to mention any others. He then gave the Court the name, address, and phone number of his probation officer and the District Attorney who handled his case. The information provided is clearly insufficient, and Benson fails this prong of the jurisdictional requirement as well.
¶ 9. Third, as a prerequisite to fully making amends and restitution, the circuit *891 court required Benson to, among other things, remain on probation for a period of five years, perform 150 hours of community service work, and make full restitution. The Bar noted that Benson did pay investigation and prosecution costs, and Benson provided evidence which showed that the circuit court placed him on non-reporting probation status in January 2002 after finding that Benson "had complied with all the requirements while on probation."
¶ 10. However, rather than providing further proof of his making amends and restitution, Benson baldly asserts that restitution was a condition to his being placed on non-reporting status, and apparently believes that a copy of the circuit court's order is sufficient to establish that he satisfied the third prong of the jurisdictional requirement. It is not. Furthermore, in regard to our 1999 order that Benson file affidavits stating that he complied with the order, Benson says that he cannot "confirm or deny whether an affidavit was filed with the Court" within the prescribed time. Solid proof of a disbarred attorney's full completion of restitution to those he harmed is required before an attorney may be reinstated, and without further proof of such restitutionary measures, Benson has not met the third jurisdictional requirement for reinstatement.
¶ 11. Fourth, in attempting to show that he has the necessary moral character to be reinstated to the practice of law, Benson asserts, among other things, that he is married with three children. He also claims to have held an interest in a number of businesses, been involved in local political campaigns, and abstained from tobacco, drugs, alcohol, and gambling. Benson also attached his income tax statement and a list of the names and addresses of over two dozen character references.
¶ 12. It is not the proper role of this Court to contact references, and an income tax statement alone hardly suffices as proof of a petitioner's moral character. Benson has not offered any letters of recommendation on his behalf, given evidence of community service, or shown any substantial verification of his employment since disbarment. Without further proof, Benson's attempt at demonstrating the necessary moral character for the practice of law is wholly insufficient.
¶ 13. Fifth, in support of his contention that he has the requisite legal education to be reinstated to the privilege of practicing law, Benson admits that he has not attended one continuing legal education course in the last four years, but explains that he could not do so at the expense of taking time away from his businesses. He does assert that he "has taken steps to enroll" in an upcoming CLE course. Under Rule 12, disbarred attorneys who eventually wish to be reinstated have a responsibility to show a continuing commitment to staying informed and competent in the practice of law. Benson's failure to make even the least attempt in doing so demonstrates that he has failed the fifth prong of the jurisdictional requirements.
¶ 14. Finally, we do take into consideration the recommendation of the Mississippi Bar. The Bar opposed Benson's reinstatement in light of his failure to provide sufficient evidence that he has met the jurisdictional requirements of Rule 12. Although the Bar's recommendation is not conclusive, we do carefully consider it and, in this case, thoroughly agree with that recommendation.

CONCLUSION
¶ 15. We deny Benson's petition for reinstatement to the Mississippi Bar and the reissuance of his license to practice law in this State.
*892 ¶ 16. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW DENIED.
SMITH, C.J., COBB, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.
NOTES
[1] We note that under revised Mississippi Rule of Discipline 12, any attorney who has been disbarred for conviction of a felony offense is ineligible for reinstatement to the practice of law. Miss. R.D. 12(c). However, Rule 12(c) only applies to felony criminal offenses which occurred after April 4, 2002; and therefore, it does not apply to Benson's 1999 conviction.
[2] Compare In re McGuire, 849 So.2d 880, 881-82 (Miss.2003); In re Holleman, 826 So.2d 1243, 1247 (Miss.2002); In re Burgin, 654 So.2d 40, 42 (Miss.1995). In all three of these cases we enunciated a similar, but differing, set of jurisdictional requirements.