CHANDLER, Justice,
for the Court:
¶ 1. A complaint tribunal suspended Barrett B. Daly from the practice of law in Mississippi for three years. Daly petitions this Court for reinstatement to the practice of law pursuant to Rule 12 of the Rules of Discipline of the Mississippi State Bar. The Bar has filed a motion to dismiss the petition. The Court finds that Daly has proven by clear and convincing evidence that he has rehabilitated himself and is worthy of reinstatement to the practice of law. Therefore, we grant the petition for reinstatement conditional upon Daly’s taking and passing the Mississippi Bar Examination as ordered by the complaint tribunal.
FACTS
¶ 2. On March 5, 2007, a complaint tribunal appointed by this Court suspended Daly from the practice of law for a period of three years. See The Mississippi Bar v. Barrett B. Daly, cause no. 2005-B-2168. The suspension resulted from Daly’s omissions during his representation of a client and from his failure to fulfill certain requirements imposed on him in a prior disciplinary matter. Pursuant to Rule of Discipline 12, Daly now seeks reinstatement to the practice of law.
¶ 3. This matter began when attorney David K. Lukinovich filed an informal complaint against Daly that alleged violations of the Mississippi Rules of Professional Conduct concerning Daly’s handling of a probate matter. The Bar filed a formal complaint against Daly on November 22, 2005. When Daly failed to appear at his trial on September 15, 2006, the complaint tribunal set the matter for trial on January 26, 2006, and referred Daly to the Lawyers and Judges Assistance Program (LJAP) for evaluation of physical and mental impairment raised in his pleadings. On January 12, 2007, Daly signed a contract with the LJAP.
¶4. The trial occurred on January 26, 2007, with Daly present. After the trial, the complaint tribunal found the following. The Louisiana law firm of David K. Luki-novich had hired Daly for an ancillary Mississippi probate matter. Daly was supposed to transfer mineral rights from the estate of Joseph B. Storey, Sr., to individuals named in Storey’s will. Daly did prepare and file documents for the estate in chancery court. However, the tribunal found that the chancery court file contained no evidence that Daly had obtained proof of publication of the notice to creditors for the estate after the court had entered an order accepting the will for probate and had directed the clerk to issue *1265 letters testamentary.[1] The tribunal further found that Daly had failed to communicate with the Lukinovich law firm concerning the estate after August 31, 2005. Consequently, the estate was forced to terminate Daly and hire substitute counsel to complete the probate case. The tribunal also found that Daly had failed to cooperate with his client and had made no effort to protect the interests of his client after the estate had terminated Daly’s representation. In his trial testimony, Daly maintained that the reasons for his omissions concerning the estate were that he had emotional problems, had family problems and had lost two homes and two offices in Hurricane Katrina, and, in particular, had allowed himself to become overburdened by his duties toward his primary client.
¶ 5. The complaint tribunal also considered Daly’s prior disciplinary action, which had resulted in a sixty-day suspension. One of the terms of suspension imposed on Daly had been to notify his current clients and all courts, agencies, and adverse parties in any proceeding in which he was involved of the suspension pursuant to Rule of Discipline 11(c). Daly was to file an affidavit with this Court attesting that he had made the required notifications. The complaint tribunal found that the affidavit which Daly had filed in this Court was false because, while Daly attested that he had made the required notifications, in fact he had not made the required notifications. The complaint tribunal found that Daly’s filing of the false affidavit was at least gross negligence. The complaint tribunal also noted that Daly had failed to respond to Lukinovich’s informal complaint, that he had knowingly failed to attend the investigative hearing, and that he had a history of noncompliance with the bar disciplinary process.
¶6. As a result of Daly’s actions, the complaint tribunal concluded that Daly should have discipline imposed on him in the form of a three-year suspension. The complaint tribunal required Daly, subsequent to the time of eligibility for reinstatement, to submit certificates from a psychiatrist and a medical doctor stating that he is mentally and physically able to practice law. The complaint tribunal stated that Daly’s choice of psychiatrist and medical doctor was subject to the approval of the LJAP. However, the complaint tribunal stated that it did not require Daly to remain under contract with the LJAP. The complaint tribunal required Daly to file an affidavit with this Court within thirty days stating he had notified all present clients of his suspension, as well as all courts, agencies, and adverse parties in any proceeding in which he was presently involved.
¶ 7. The complaint tribunal also required Daly, subsequent to the time of his eligibility for reinstatement, to take and pass the Mississippi Bar Exam (MBE) and the Mississippi Professional Responsibility Exam (MPRE). Daly has submitted proof that he has taken and passed the MPRE. He states that, although he applied to take the July 2010 MBE, the Mississippi Board of Bar Admissions would not allow him to sit for the exam without a reinstatement order from this Court. Daly requests that this Court either waive the requirement that he take and pass the MBE, or issue an order allowing him to take the MBE.
DISCUSSION
¶ 8. This Court has “exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement. ...” M.R.D. 1(a). Under Rule 12 of the Rules of Discipline for the Bar, *1266 an attorney suspended for six months or longer must petition this Court for reinstatement. M.R.D. 12(a). We review petitions for reinstatement de novo. In re Prisock, 5 So.3d 319, 322 (Miss.2008) (quoting In Re Baldwin, 890 So.2d 56, 58 (Miss.2003)). On review, this Court sits as a trier of fact, and is not bound by substantial-evidence or manifest-error rules. Id. “In determining whether to grant reinstatement, ‘[t]he Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.’ ” In re Asher, 987 So.2d 954, 958 (Miss.2008) (quoting In re Steele, 722 So.2d 662, 664 (Miss.1998)).
¶ 9. An attorney must meet five jurisdictional requirements before he or she may be reinstated under Rule 12. In Re Benson, 890 So.2d 888, 890 (Miss.2004). An attorney must:
(1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.
Id. “In cases of suspension pending satisfaction of conditions precedent, reinstatement shall not be permitted except upon proof that the conditions have been met.” M.R.D. 12.2. The attorney petitioning for reinstatement has the burden to prove by clear and convincing evidence that he has rehabilitated himself and possesses the requisite moral character to entitle him to reinstatement to the practice of law. Prisock, 5 So.3d at 322. Although the Bar’s support is not a jurisdictional requirement, this Court also considers the position of the Bar as to reinstatement in determining whether to grant or deny the petition. Benson, 890 So.2d at 890.
¶ 10. In the Bar’s motion to dismiss Daly’s petition, the Bar contends that Daly failed to meet two jurisdictional requirements and failed to satisfy the conditions precedent for reinstatement. After considering each jurisdictional requirement, followed by the conditions precedent, we find Daly has proven he has rehabilitated himself and possesses the requisite moral character for reinstatement to the practice of law.

A. Jurisdictional requirements

(1) State the cause or causes for suspension or disbarment.
¶ 11. Daly filed a petition followed by six supplemental and amended petitions. The Bar contends that Daly did not state the cause or causes for his suspension in the petition. It is true that Daly’s initial petition did not provide the meaningful detail about the cause or causes for his suspension that is required for reinstatement. The petition stated Daly was suspended by a complaint tribunal, that the matter arose from an informal complaint by Lukinovich regarding Daly’s handling of the Storey estate, and listed the Rules of Professional Responsibility which the complaint tribunal had found Daly to have violated.
¶ 12. This Court has held that the mere mention of the act for which the attorney was suspended is insufficient. Benson, 890 So.2d at 890. Rather, the attorney must provide a clear description of the improper conduct that led to the suspension. Id. The Court finds that, although the cause or causes for the suspension stated in the initial petition were insufficient, Daly’s Fifth Supplemental and Amended Petition for Reinstatement provided a clear description of the causes of *1267 his suspension for misconduct in the representation of the Storey estate. This description stated: (1) the documents which Daly had been hired to file; (2) that he had failed to complete the work for which he had been hired; (3) that the Estate had to hire another law firm to complete the work; (4) that Daly had made a false representation to the complaint tribunal and this Court by filing a false affidavit attesting that he had notified all clients, opposing counsel, courts and agencies that he was unable to practice law from June 16, 2004, through August 14, 2004; and (5) that, regarding the Estate:
(a) I failed to abide by the client’s decisions concerning the objectives of representation.
(b) I failed to act with reasonable diligence and promptness in representing the Estate of Storey.
(c) I failed to communicate with the Estate of Storey.
(d) I made a false statement of material fact to the Complaint Tribunal and this Court with respect to the affidavit I filed in cause number 2004-B-151.
Daly further stated: “I did not cooperate with the Bar concerning the informal Bar complaint filed by Mr. Lukonovich. I did not respond to the informal Bar complaint. I did not attend the investigatory hearing.”
¶ 13. The Court finds that, while Daly’s initial petition did not include a sufficient statement of the cause or causes of his suspension, Daly cured the problem with a supplemental and amended petition that provided a detailed summary of the causes of his suspension. This Court previously has considered the contents of supplemental petitions for reinstatement in determining whether the jurisdictional requirements were met. See In re Reinstatement of Hodges, 19 So.3d 656, 660-61 (Miss.2009). Therefore, we find that Daly has fulfilled this requirement.
(2) Give the name and current address of all persons, parties, firms or legal entities who suffered pecuniary loss due to the improper conduct.
¶ 14. The petition states that there was no suggestion of pecuniary loss in this case. At the hearing, the complaint tribunal found that no actual damages were suffered by Daly’s client. Indeed, nothing in the record indicates that any person, party, firm, or legal entity suffered pecuniary loss as a result of Daly’s improper conduct. Therefore, the Court finds that Daly has fulfilled this jurisdictional requirement.
(3) Make full amends and restitution.
¶ 15. The complaint tribunal required Daly to pay, if not already paid, $41.27 previously assessed by the Committee on Professional Responsibility within thirty days of the entry of the judgment. Further, the complaint tribunal ordered Daly to pay all costs and expenses associated with the litigation of the formal complaint, with the costs and expenses to be determined at a later date upon application of the Bar, and payable by Daly thirty days after the entry of the order for costs and expenses. In the petition, Daly states that he already has paid the $41.27 assessed by the Committee on Professional Responsibility. He attaches a bank account statement showing the check has cleared. Daly also states that, although the complaint tribunal has not entered an order of costs and expenses, he will pay the amount assessed within thirty days of the entry of the order. The Bar does not dispute that Daly’s petition has satisfied this requirement, and the Court finds that Daly’s petition meets this jurisdictional requirement.
*1268 (4) Show that he has the necessary moral character for the practice of law.
¶ 16. Daly submitted seven letters from attorneys recommending his reinstatement, including one letter from the complainant, Lukinovich. Each letter states that the writer personally knows that Daly has the moral character to practice law, and that Daly has learned not to take on projects that he does not have the time to fulfill. Daly also submitted his own affidavit, attesting that he regularly attends church with his family and assists at his son’s school. Daly states that he thinks of his past mistakes every day, truly regrets his mistakes, and is greatly sorry for his mistakes.
¶ 17. Daly bears the burden to prove by clear and convincing evidence that he is rehabilitated and possesses the requisite moral character to practice law. Prisock, 5 So.3d at 323-24. The Bar contends that Daly did not show that he possesses the necessary moral character to practice law. The Bar argues that Daly’s submission of six letters of recommendation “does not demonstrate a ringing endorsement” of Daly’s reinstatement.[2] However, this Court does not require a minimum number of letters as a prerequisite to reinstatement. See Wong v. The Mississippi Bar, 5 So.3d 369, 372-74 (Miss.2008) (this Court conditionally granted Wong’s petition for reinstatement after finding that Wong was rehabilitated; the petition included three letters of recommendation). The Bar also points out that Daly has not performed any community service, and his own affidavit is the only proof of his attendance at church and assisting at his son’s school.
¶ 18. As evidence of moral unfitness, the Bar also points to Daly’s accusations against the LJAP in the misunderstanding over the termination of his LJAP contract. Daly explains this dispute in the petition, and he has attached associated documentation. On September 18, 2006, the complaint tribunal entered an order requiring Daly to enter into a contract with the LJAP. Daly signed a contract with the LJAP on January 12, 2007. But at the January 26, 2007 trial, the complaint tribunal relieved Daly of his LJAP contract. However, the complaint tribunal’s order failed to recite that Daly was relieved of his LJAP contract. Apparently, the LJAP was not notified that Daly had been relieved of his LJAP contract. Accordingly, on August 6, 2008, the LJAP sent Daly a letter stating that he was out of compliance with his LJAP contract.
¶ 19. Daly attempted to obtain the LJAP’s approval of his certifications from a medical doctor and a psychiatrist that he was medically and mentally able to practice law, as required by the order of the complaint tribunal as a prerequisite to his reinstatement. He submitted a letter from his treating psychiatrist, Dr. Alvin M. Rouchell of Ochsner Health System, certifying that he is mentally able to practice law, and a letter from his treating physician, Dr. Robert Miles, also of Ochsner, certifying that he is physically able to practice law. On April 2, 2010, he emailed a copy of the certifications and the physicians’ biographies to the director of the LJAP, Betty Daugherty. On April 20, 2010, Dr. Rouchell sent a letter to the LJAP that elaborated on his treatment of Daly and opined that Daly had no psychiatric impediments to practicing law. But on April 22, 2010, Daugherty sent a letter to Daly’s counsel denying the request for approval of his choice of psychiatrist and medical doctor. The fundamental reason for the denial was that Daugherty believed *1269 Daly to be out of compliance with his LJAP contract.
¶ 20. On April 26, 2010, Daly sent a seventeen-page response letter to the LJAP, and copied the staff of the LJAP, the committee members of the LJAP, all attorneys in the Office of General Counsel, and the Executive Director of the Mississippi Bar. In the letter, Daly took issue with Daugherty’s refusal to approve his choice of physicians. Daly complained that, on April 9, 2010, an attorney with the LJAP had e-mailed him an assurance that his physicians were qualified to treat Daly and to opine as to his fitness. Daly expressed frustration with the LJAP’s failure to acknowledge that he had been relieved of his LJAP contract, and with the fact that he was forced to purchase a trial transcript for $2,000 in order to prove that the tribunal had relieved him of the LJAP contract. Although the Bar cites Daly’s conduct in this matter as evidence of his unfitness, the record reflects that the LJAP misunderstood Daly’s status through no fault of Daly. Considering the entirety of Daly’s petition and attachments, we find that Daly’s expressions of frustration with the LJAP are no impediment to his reinstatement to the practice of law.
¶ 21. Daly has submitted seven letters of recommendation, including one from the same attorney who filed the informal complaint that culminated in his three-year suspension. Daly has sworn that he has attended church and volunteered at his child’s school. He has thoroughly acknowledged his misconduct and expressed remorse. We find that Daly’s petition meets the jurisdictional requirement of proving by clear and convincing evidence that Daly is rehabilitated and possesses the requisite moral character to practice law.
(5) Demonstrate the requisite legal education to be reinstated to the privilege of practicing law.
¶ 22. “[Attorneys who eventually wish to be reinstated have a responsibility to show a continuing commitment to staying informed and competent in the practice of law.” In re Benson, 890 So.2d at 891. In the petition, Daly stated that between January 8, 2007, and March 23, 2010, he completed 77.5 hours of continuing legal education. He stated that, since before January 26, 2007, he regularly has read new state and federal caselaw and statutes, and has kept abreast of developing patent law and tax law. In Daly’s Sixth Supplemental and Amended Petition for Reinstatement, he averred that he had attended an additional 7.5 hours of continuing legal education. Attachments to the petition and sixth supplemental petition documented his completion of continuing legal education in areas including estate planning and tax law. The Bar does not dispute that Daly has met this requirement. The Court finds that Daly has met this jurisdictional requirement.

B. Conditions precedent

¶ 23. Rule 12.2 states “[i]n cases of suspension pending satisfaction of conditions precedent, reinstatement shall not be permitted except upon proof that the conditions have been met.” The Bar contends that Daly has failed to comply with the condition precedent of filing affidavits in this Court within thirty days of his suspension stating he has notified all clients, courts, agencies and adverse parties of his suspension. In his petition, Daly admits he never filed the required affidavits. He points out that he testified under oath at the trial that he had no Mississippi clients and was not involved in any lawsuits in Mississippi. He states that the reason he did not file the required affidavits was *1270 that, because he had no Mississippi clients or cases, he was unable truthfully to swear that he had made the required notifications. The Court finds that, while it would have been preferable for Daly to have filed an affidavit attesting that he was not involved in any Mississippi cases, Daly’s failure to do so is not fatal to his petition for reinstatement.
¶ 24. The Bar also points out that Daly has failed to submit certifications from a psychiatrist and a medical doctor who have been approved by the LJAP stating he is mentally and physically able to practice law. As previously noted, Daly attached the required certifications from a psychiatrist and a medical doctor, but the LJAP did not approve his choices because the LJAP erroneously found that Daly was in breach of an LJAP contract. Daly has filed a “Motion to Deem Petitioner’s Choice of Psychiatrist and Medical Doctor Approved by the LJAP.” We observe that Daly’s psychiatrist, Dr. Rouchell, is the chairman of psychiatry at Ochsner Health System, and his physician, Dr. Miles, is also with Ochsner. Certainly, these physicians are well-qualified to opine on Daly’s mental and physical fitness to practice law. We grant Daly’s motion, and find that Daly has satisfied the requirement that he submit medical certifications on his mental and physical fitness to practice law.
¶ 25. Finally, we address the requirement that Daly take and pass the MBE. Daly avers that the Mississippi Board of Bar Admissions prevented him from sitting for the MBE without a reinstatement order from this Court. We note that, while taking the MPRE is an examination requirement of an attorney suspended for six months or longer, the Mississippi Rules of Discipline do not require such an attorney to take the MBE. See M.R.D. 12.5. Rather, the complaint tribunal imposed this additional requirement, which we deem appropriate in this case. Therefore, we order the Mississippi Board of Bar Admissions to allow Daly to sit for the MBE.

CONCLUSION

¶ 26. This Court holds that Daly’s petition meets the jurisdictional requirements for reinstatement to the practice of law. We find that Daly has demonstrated by clear and convincing evidence that he has rehabilitated himself and possesses the requisite moral character to practice law. This Court holds that Daly’s petition for reinstatement to the practice of law should be granted on the condition that he take and pass the Mississippi Bar Examination.
¶ 27. PETITION OF BARRETT B. DALY FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS CONDITIONALLY GRANTED.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ„ CONCUR.

. Daly has submitted documentation to the Bar that showed the notice to creditors actually had been published in the local newspaper.

. Daly submitted a seventh letter after the Bar’s motion to dismiss.