LAMAR, Justice, for the Court:
¶ 1. John Allen Derívame Jr. brings his Petition for Reinstatement before this Court, but the Mississippi Bar argues that Derivaux’s Petition fails to comply with the requirements of Mississippi Rule of Discipline 12(7), as well as Mississippi- caselaw. We agree with the Bar and dismiss Deri-vamos Petition for Reinstatement.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 18, 2011, a Mississippi Bar Complaint Tribunal disbarred Derí-vame. Miss. Supreme Ct. Cause No. 2010-B-928. After a hearing on Derivaux’s Motion to Reconsider, the Tribunal modified its previous order and suspended Derívame for a period of two years, beginning on November 18, 2011. This Court affirmed Derivaux’s suspension. Miss. Bar v. Deri-vaux, — So.3d-(Miss.2014), 2014 WL 657389 (Feb. 20, 2014). After his two-year suspension, Derívame filed his Petition for Reinstatement. The Bar filed a Motion to Dismiss the Petition, arguing that the Petition was deficient under Mississippi Rule of Discipline 12(7) and Mississippi caselaw.
STANDARD OF REVIEW
¶ 3. This Court “has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys.” In re Morrison, 819 So.2d 1181, 1183 (Miss. 2001). This Court reviews the evidence in disciplinary matters de novo, on a case-by-case basis as triers of fact. Id.
*1248 DISCUSSION
Derivaux’s Petition for Reinstatement does not satisfy Rule 12’s requirements.
¶ 4. The reinstatement of suspended attorneys is governed by Mississippi Rule of Discipline 12. Burgin v. Miss. State Bar, 453 So.2d 689, 690 (Miss.1984). Rule 12 provides:
(a) No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.
(b) Reinstatement to the practice of law following any discipline shall be only upon proof of compliance with any such sanctions.
Miss. R. Disc. 12(a)-(b) (Rev. 2002). In determining whether to grant reinstatement, “[t]he Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Steele, 722 So.2d 662, 664 (Miss.1998) (citation omitted). “The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner.” Burgin, 453 So.2d at 691, (citation omitted). A suspended attorney must demonstrate this by complying with the requirements of Rule 12. In re Benson, 890 So.2d 888, 890 (Miss.2004).
¶ 5. Five requirements apply to Rule 12 reinstatement petitions. Id. The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. Miss. R. Disc. 12(7); In re Benson, 890 So.2d at 890. This Court considers the Bar’s position when determining whether to reinstate a suspended attorney. In re Holleman, 826 So.2d 1243, 1248 (Miss.2002) (citation omitted).
¶ 6. Here, the Bar filed a Motion to Dismiss Derivaux’s Petition, asserting that it failed to address adequately the requirements for reinstatement, as set forth in Benson. Specifically, the Bar argues that Derivaux failed to mention the cause for his suspension and that he failed to give the name or address of any person who had suffered pecuniary loss due to his misconduct. We agree with the Bar’s position and find that Derivaux’s one-and-a-half page Petition is insufficient under Rule 12(7) and Mississippi caselaw.
A. Cause for Suspension
¶ 7. In his Petition, Derivaux listed the Mississippi Rules of Professional Conduct which he violated, but he failed to state in sufficient detail the cause for his suspension. Beyond stating the cause numbers and the rules of professional conduct that he violated, Derivaux did not provide any meaningful information about why he was suspended from the practice of law. As Derivaux merely listed the Mississippi Rules of Professional Conduct which he violated and plainly failed to state the cause or causes for suspension, this Court finds that Derivaux has not satisfied this requirement.
B. Pecuniary Loss
¶ 8. As the Bar argued, Derivaux’s Petition failed to give the name or address of any person “who suffered pecuniary loss due to [his] improper conduct.” Id. Deri-vaux’s Petition was completely silent as to this information and, as such, Derivaux has not satisfied this requirement.
*1249 C.Full Amends and Restitution
¶ 9. Derivaux’s Petition simply stated that he made restitution by depositing funds with the Bar. But Derivaux offered no documentation to prove this alleged compliance. The Bar asserts that when Derivaux deposited the funds, it was forced to interplead the funds in a separate action in the Chancery Court of Warren County in order to determine the amounts owed to twenty-nine people, because Derivaux failed to give the name and addresses of those who had suffered pecuniary loss due to his misconduct. It is unclear from the record whether Derivaux has made full restitution.
D. Moral Character
¶ 10. Derivaux points out that he never denied the allegations of misconduct, but that there were factors that led to the misconduct. Derivaux asserts that those factors are no longer present and that, through the Lawyers’ and Judges’ Assistance Program (LJAP), those issues have been resolved. In support of this assertion, Derivaux attaches to his Petition the Disciplinary Referral Contract he entered into with LJAP.
¶ 11. But the Bar points out that Deri-vaux wholly failed to address whether he has the necessary moral character to practice law, and we agree. The scant evidence of a single contract with LJAP is wholly inadequate to satisfy this requirement. Derivaux has failed to offer clear and convincing evidence to satisfy “[t]he burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement.... ” In re Kelly, 987 So.2d 925, 929 (Miss.2008) (quoting Burgin, 453 So.2d at 691).
E. Legal Learning
. [10] ¶ 12. Derivaux’s Petition also fails to demonstrate that he possesses the requisite legal education to be reinstated. There is no indication that Derivaux engaged in any legal education programs or attempted to keep himself apprised of Mississippi law during the two years he was suspended.
CONCLUSION
¶ 13. Derivaux’s Petition does not satisfy the requirements set forth in Rule 12(7) of the Mississippi Rules of Discipline. Derivaux failed to state the cause of his suspension, give the names and current address of all persons who suffered pecuniary loss due to his improper conduct, demonstrate that he has made full restitution, demonstrate that he possesses the sufficient moral character to be reinstated to the practice of law, or state whether or not he has engaged in any type of legal learning during his suspension. For these reasons, we grant the Bar’s Motion to Dismiss and dismiss Derivaux’s petition.
¶ 14. PETITION FOR REINSTATEMENT DISMISSED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.