# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-BR-01256-SCT

*ANGELA LOUISE JONES*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR PETITIONER: | JOHN A. FERRELL |
| ATTORNEYS FOR RESPONDENT: | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED - 02/01/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Angela Louise Jones petitioned the Court seeking reinstatement to the Mississippi Bar.  The Board of Bar Commissioners voted to support Jones's petition for reinstatement. Holding that Jones has complied with all the requisite steps and has shown proof of good moral character, we now reinstate Jones to the practice of law.

## FACTS

¶2.     Angela Jones used client funds for personal expenses in 2016.  She received $175,000 of settlement funds from her client's insurance company and timely transferred $118,000 of the funds to the client.  However, Jones retained the other $57,000 inappropriately.  While the funds were under Jones's control, the balance of the trust account dropped below $57,000.

¶3.     Jones violated Rule 1.15(a) of the Mississippi Rules of Professional Conduct by

commingling client funds with personal funds. She violated Rule 1.15(b) by failing to notify the client of and deliver to the client funds to which the client was entitled. Pursuant to Rule 8.4, Jones engaged in professional misconduct by violating Rule 1.15.

¶4. Approximately two years after the funds were initially transferred to Jones, her client filed an informal bar complaint. Shortly after the complaint was filed, Jones transferred the $57,000 to her client.

¶5. After an investigation, on December 15, 2020, the Mississippi Bar suspended Jones for twelve months from the practice of law. An agreed opinion and judgment was signed by Jones. The judgment detailed certain requirements Jones had to meet in order for readmittance to the Bar following her suspension.

## ANALYSIS

¶6. Before becoming eligible for reinstatement, the agreed opinion and judgment required Jones to:

(1) Reimburse the Bar for the cost of the investigation and proceedings in the amount of $9,354.50;

(2) Complete a program at the Gambling Clinic at the University of Memphis in accordance with the requirements of the Lawyers and Judges Assistance Program;

(3) Notify all clients of her suspension;

(4) Refrain from practicing law until reinstatement by the Court; and

(5) Comply with the Rules of Discipline for the Mississippi State Bar in the process of reinstatement.

¶7. Jones provided documentation in her petition demonstrating compliance with the

2

agreed opinion and judgment. She included a copy of the check showing payment in full to the offended client and a copy of their settlement agreement and general release, which acknowledged the payment and confirmed a congenial end to the attorney-client relationship. She included a copy of the check showing payment to the Mississippi Bar for its costs associated with this action, along with proof of service of the check to the Bar. She also included a copy of the completion report from the Lawyers and Judges Assistance Program, verifying that she completed the University of Memphis Gambling Clinic.

¶8. For reinstatement to the Bar under Rule 12 of the Rules of Discipline for the Mississippi State Bar, the Court has held:

> The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

*In re Benson*, 890 So. 2d 888, 890 (Miss. 2004).

¶9. Jones thoroughly and earnestly described the cause of her suspension in her petition. She has also accepted full and sole responsibility for her actions.

¶10. Jones detailed the required information about the client whose pecuniary interests were harmed because of her malfeasance, and she provided documentation confirming that she paid the client all of the money that the client was owed. Additionally, she provided documentation confirming that she repaid all of the Bar's expenses.

¶11. Jones argued that she has been a good representative of moral character in the community prior to and since her suspension. She listed examples of her work in the

3

community including pro bono work, guardian ad litem work, sponsorship of youth sports teams, work with the Head's Up Outreach Program, and raising her three grandchildren, aged three, seven, and eight. She also included with her petition thirty-six letters of recommendation from other attorneys who recommend she be readmitted into the Bar.

¶12. Finally, Jones has continued to complete the required continuing legal education hours during her suspension and provided proof thereof. She also completed the Multi-State Professional Responsibility Exam on August 10, 2022, and achieved a score of ninety-six. Mississippi requires attorneys to score at least seventy-five for admittance to the practice of law.

¶13. The Mississippi Bar filed a brief representing that, in its estimation, Jones has satisfactorily completed all of the requirements for reinstatement. The Bar supports Jones's reinstatement to the practice of law.

## CONCLUSION

¶14. Jones accepted full responsibility for her misconduct and complied with all of the requirements for reinstatement. Because her remediating actions satisfy the requirements, because she has shown evidence of good moral character in the community, and in consideration of the Bar's recommendation, we grant Jones's petition for reinstatement to the practice of law in Mississippi.

¶15. **REINSTATEMENT GRANTED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**