WALLER, Chief Justice,
for the Court:
¶ 1. Gail Thompson petitions the Court for reinstatement to the practice of law following her suspension in two separate matters. We find Thompson has satisfied the jurisdictional requirements necessary to warrant her reinstatement. Therefore, we approve Thompson’s petition for reinstatement.
*227 FACTS & PROCEDURAL HISTORY
¶ 2. Gail Thompson was admitted to the Mississippi Bar (Bar) in 1990 and primarily practiced criminal law. Thompson was publicly reprimanded in 2002 for neglecting a client’s case. She received another public reprimand for failing to reimburse an unused portion of legal fees she had previously been ordered by the Bar to refund. She subsequently was suspended from the practice of law by this Court in two separate matters: in 2003 for eighteen months in The Mississippi Bar v. Gail P. Thompson, Cause No. 2002-B-645 (the “Jones matter”), and in 2008 for thirty (30) months in The Mississippi Bar v. Gail P. Thompson, Cause No. 2005-B-1936 (the “McGaughy matter”), which was retroactive to March 14, 2006, and resulted from a remand from this Court. See The Mississippi Bar v. Gail P. Thompson, 5 So.3d 330 (Miss.2008).
¶ 3. In the Jones matter, Thompson agreed to represent Jones in a federal suit against a correctional officer employed by the Mississippi Department of Corrections (MDOC). Mississippi Bar v. Thompson, Cause No. 2002-B-645, at 2. Although no document could be produced, Jones and Thompson both agreed there was a contingency fee arrangement and that she would be entitled to fifty percent of any judgment if an appeal was successful. Id. at 1. The federal district court ruled in favor of Jones and awarded him $6,000, which judgment MDOC appealed. In August 2000, the case was affirmed by the Fifth Circuit Court of Appeals, and MDOC tendered the $6,000 to Thompson. Id. at 1-2.
¶ 4. Thompson immediately withdrew $3,000 from money deposited from the judgment in her trust account for her fee, but failed to distribute the remaining $3,000 due to Jones and never prepared an accounting. Id. at 2. Evidence showed that Thompson’s trust account later fell below $3,000, with the lowest amount being $395 in April 2001. Id. Jones repeatedly and unsuccessfully attempted to contact Thompson after learning of the verdict. Id. Finally, Jones filed a complaint with the Bar against Thompson. Id. After Thompson was' notified of the complaint, she mailed Jones a check for $3,000 but, again, no accounting was performed. Id. Thompson was found by a tribunal to have violated Rule 1.4 of the Mississippi Rules of Professional Conduct (M.R.P.C) for not keeping Jones reasonably informed of the status of the $6,000 judgment and Rule 1.15(b) for mishandling client funds. Id.
¶ 5. In the McGaughy matter, Thompson hired Robert Tubwell, a former inmate at Parchman, to work as a paralegal. Mississippi Bar v. Gail P. Thompson, 5 So.3d 330, 332 (Miss.2008). Mario McGaughy was an inmate serving a life sentence, with whom Tubwell was acquainted. Id. at 332-33. McGaughy wrote to Tubwell in an attempt to hire a lawyer to file a petition for post-conviction relief. Id. at 333. Tubwell wrote McGaughy on Thompson’s law-firm letterhead stating Thompson would work on McGaughy’s case, quoted him a fee for the work, and instructed him to send all further correspondence to Tub-well’s apartment. Id.
¶ 6. Tubwell again wrote McGaughy on Thompson’s law-firm letterhead and advised him that he had a strong case. Id. Subsequently, Tubwell mailed McGaughy his court records and a petition for post-conviction relief, which he instructed McGaughy to sign and have notarized. However, he did not tell McGaughy that he was filing the petition pro se. Id. McGaughy’s petition was denied and thereafter, Tubwell suggested he file a writ of habeas corpus in federal court; however, no habeas petition was ever filed. Id. Believing Thompson’s law firm to be *228 representing him, MeGaughy filed an informal complaint with the Mississippi Bar against Thompson for failure to pursue his post-conviction-relief application and petition for habeas corpus. Id. at 333-34.
¶ 7. Thompson claimed to have no knowledge of Tubwell’s letters to MeGau-ghy and asserted Tubwell had taken advantage of her trust. Id. at 334. She informed Tubwell that all cases he was working on needed to come through her office but admitted she had no safeguards in place to prevent Tubwell from engaging in the unauthorized practice of law. Id. Additionally, Thompson failed to protect client files after they were confiscated for her failure to pay rent on a storage facility in which she had left them. Id. This Court affirmed a complaint tribunal’s findings that Thompson had violated M.R.P.C. 1.15 for failing to keep her clients’ files safe; M.R.P.C. 5.3 for failing to make sufficient efforts to supervise Tubwell’s work; and M.R.P.C. 8.4(a),(d) for professional misconduct and engaging in conduct prejudicial to the administration of justice. Id. at 340. In addition, this Court found Thompson had violated M.R.P.C. 5.5(b) because there was sufficient evidence that she had assisted Tubwell in the unauthorized practice of law. Id. at 338.
STANDARD OF REVIEW
¶ 8. This Court reserves “ ‘exclusive and inherent jurisdiction’ ” over attorney-reinstatement cases. In re Morrison, 819 So.2d 1181, 1183 (Miss.2001) (quoting In re Smith, 758 So.2d 396, 397 (Miss.1999)). These matters are reviewed de novo, on a case-by-case basis. In re Morrison, 819 So.2d at 1183 (quoting In re Smith, 758 So.2d at 397).
¶ 9. To warrant reinstatement, a petitioner has the burden to prove “that he has rehabilitated himself and has established the requisite moral character to entitle him to the privilege of practicing law.” Stewart v. The Mississippi Bar, 5 So.3d 344, 346-47 (Miss.2008) (citing In re Holleman, 826 So.2d 1243, 1246 (Miss.2002)). He or she must exhibit “ ‘[a] firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed....’” In re Petition of Massey, 670 So.2d 843, 845 (Miss.1996) (quoting Phillips v. Miss. Bar, 427 So.2d 1380, 1382 (Miss.1983)).
DISCUSSION
I. JURISDICTIONAL REQUIREMENTS
¶ 10. The petitioner must meet the jurisdictional requirements for reinstatement under Rule 12 of the Mississippi Rules of Discipline for the State Bar. Miss. R. Discipline 12; In re Benson, 890 So.2d 888, 890 (Miss.2004) (citing In re Holleman, 826 So.2d at 1247).
¶ 11. Rule 12 requires that a petitioner (1) state the cause or causes for suspension or disbarment; (2) provide the names and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss as a result of the improper conduct; (3) make full amends and restitution; (4) demonstrate that he or she has the necessary moral character to practice law; and (5) show that he or she possesses the requisite legal education to be reinstated. Miss. R. Discipline 12.7; see also In re Benson, 890 So.2d at 890.
¶ 12. The Bar’s position, though not a jurisdictional requirement, is a factor for consideration as well. In re Benson, 890 So.2d at 890 (citing In re Holleman, 826 So.2d at 1248). The Bar supports Thompson’s reinstatement based on her admission of responsibility for her actions, her dedication to her community in her post-suspension employment and the char *229 itable work she has performed in her church.
A. Cause for Disbarment
¶ 13. Thompson’s petition acknowledges that her actions in the Jones and McGau-ghy matters were the basis for her suspension and accepts full responsibility for them. Further, she provided copies of both decisions that lead to her suspension and discussed her actions thoroughly in her deposition.
B. Name of Anyone Suffering Pecuniary Loss
¶ 14. Thompson’s petition named Jones as the only individual who had suffered pecuniary loss as a result of her actions. Thompson indicates that she is unable to find Jones after a diligent search and that he appears to have been released by MDOC, as she was unable to discover him on MDOC’s inmate locator website. Thompson also names Mario McGaughy and lists his address, however, McGaughy suffered no pecuniary loss due to Thompson’s actions.
C. Full Amends and Restitution
¶ 15. The complaint tribunal found in the Jones matter that Thompson had paid full restitution to Jones and that she had paid litigation fees to the Bar. Thompson’s deposition and petition both state no funds are owed to McGaughy and that no other clients suffered pecuniary loss as a result of her misconduct.
D. Rehabilitation and Requisite Moral Character
¶ 16. Thompson provides the following evidence as proof she has demonstrated the necessary moral character to be reinstated to the practice of law.
1.Civic, Church, and Charitable Involvement
¶ 17. Thompson became an ordained Baptist minister in 2005 and is a certified teacher with the National Baptist Congress. She preaches at her church once a month and makes the matters regarding her suspension part of her teachings. Thompson also testified that she assists the elderly at nursing homes in Water Valley by running errands and having meals with residents. She does all of these activities strictly on a volunteer basis.
2.Letters of Recommendation
¶ 18. Thompson include fourteen letters of support for reinstatement, six of which are from members of the Mississippi Bar, including Judge Johnnie E. Walls Jr. of the Eleventh Circuit Court District. Thompson testified that the letter writers all were aware of her suspension.
3.Employment Since Suspension
¶ 19. Thompson began working immediately after her suspension in 2003 and became a licenced insurance agent for Liberty National Insurance Company in Mississippi and Tennessee. She stayed with Liberty National until she was fired in April 2007 when health issues and gas prices adversely affected her ability to “make production.” Subsequently, she worked seasonal jobs delivering the Yellow Book in Water Valley and as a census canvasser, and became a full-time substitute teacher in the Water Valley School System, teaching seventh through twelfth grades. Also in 2007, Thompson took a contract job as a site operator of a Clean Air Status & Trends Network site, reading instruments and changing the filters that test air quality for the Environmental Protection Agency.
¶ 20. Thompson testified that, since her suspension, she has done legal research *230 and has drafted briefs for the LeSure and Walls Law Firms whenever she was needed. In her time working for these firms she testified she did not have an office, gave no legal advice to clients, filed no pleadings, and spoke directly with clients only when answering the phone if the secretary was busy. In his letter of support for Thompson’s reinstatement, Judge Walls indicates he would like to employ Thompson as a law clerk or staff attorney.
4. Mental and Emotional Status
¶ 21. Thompson’s health and emotional status were not at issue in prior suspensions. She maintains she is in good health and believes she can handle the stress of practicing law.
E. Future Plans
¶ 22. Thompson testified that she wishes to serve as staff attorney for Judge Walls if the position is still available upon reinstatement. If that position is not available, Thompson testified that she does not intend to return to solo practice and would attempt to associate with a firm, possibly the LeSure Law Firm. If denied reinstatement, Thompson said she would continue conducting legal research, substitute teaching, and ministering.
F. Requisite Legal Education for Reinstatement
¶23. Thompson took the Multi-State Professional Responsibility Exam in 2006 and passed. She also testified she reads regularly the opinions handed down by this Court, receives updates on the law from legal websites, and maintains her legal research skills through her work for the LeSure Law firm and for Judge Walls. While not a requirement for reinstatement, the Bar has suggested that Thompson take a continuing legal education course on law-office management that specifically addresses the management of a lawyer trust account. Since the Bar has not made this a requirement for reinstatement and, further, since Thompson stated in her deposition it was not her intent to return to the practice of law as a solo practitioner, we will not require such a course. However, Thompson should pursue such a course of study in the event she does return to private practice for additional training with respect to trust accounts in particular.
II. ANALYSIS AND DECISION
¶ 24. This Court finds that Thompson has satisfied the jurisdictional requirements under Rule 12 of the Mississippi Rules of Discipline. We agree with the Bar that Thompson’s petition, along with her testimony, presents substantial evidence to support that she has achieved the moral and professional rehabilitation necessary to return to the practice of law. Previously, this Court has reinstated attorneys who have been disciplined multiple times. See Daly v. The Mississippi Bar, 83 So.3d 1262, 1270 (Miss.2011) (conditionally reinstating attorney after a sixty-day suspension and a three-year suspension), Shah v. The Mississippi Bar, 83 So.3d 1274, 1276 (Miss.2011) (conditionally reinstating attorney after three-year suspension in one matter and subsequent disbarment in another matter).
¶ 25. Thompson has fully admitted responsibility for the actions which led to her suspensions. Throughout her petition and deposition, Thompson went into detail about the Jones and McGaughy matters, expressed remorse for her misconduct and never denied responsibility for her actions. Although Jones’s payment was delinquent, he was paid, and the record does not disclose anyone else who had suffered pecuniary loss because of her misconduct.
¶ 26. With regard to requisite moral character, Thompson has been heavily involved in her church, becoming an or *231 dained minister, leading worship services, and teaching Sunday school classes. Further, she has been involved in her community in Water Valley through her substitute-teaching position and her work at the nursing home. Thompson submitted fourteen letters in support of her reinstatement, which include letters attesting to her moral character and community involvement, letters from five members of the Bar and a letter from circuit-court judge. We further agree with the Bar that it is noteworthy that Thompson did not immediately file for reinstatement when she first became eligible, instead waiting more than four years to file her petition.

CONCLUSION

¶ 27. We find that Thompson has satisfied the jurisdictional requirements necessary to warrant reinstatement. She has shown by clear and convincing evidence that she is rehabilitated and that she possesses the requisite moral character to be reinstated to the practice of law. Therefore, we approve Thompson’s petition for reinstatement.
¶ 28. GAIL P. THOMPSON’S PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW IS GRANTED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.