# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-BD-00506-SCT

*THE MISSISSIPPI BAR*

*v.*

*EUGENE EDWARD TAYLOR, III*

| | |
|---|---|
| ATTORNEYS FOR COMPLAINANT: | ADAM BRADLEY KILGORE<br>MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FOR TWENTY-FOUR MONTHS BEGINNING FROM THE POINT AT WHICH MANDATORY BAR DUES ARE PAID. TAYLOR IS ASSESSED ALL COSTS - 09/28/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Following the State Bar of Texas's suspension of Eugene Edward Taylor, III, from the practice of law for twenty-four months, the Mississippi Bar filed a formal complaint against Taylor seeking reciprocal discipline. The Bar additionally asked that this Court order Taylor to pay the costs and expenses incurred from the filing of this complaint. We find that reciprocal discipline is appropriate.

## FACTS AND PROCEDURAL HISTORY

¶2. Taylor is a resident of Texas and maintains his principal place of practice in Texas. On March 6, 2023, the District 14 Grievance Committee, Evidentiary Panel 14-1, State Bar of Texas, found that Taylor had failed to appropriately safeguard settlement funds and had

failed to promptly deliver the funds to his client. It stated that Taylor had issued a check to his client in the amount of $20,000 that was returned for insufficient funds. Further, the Committee concluded that Taylor had failed to make reasonable efforts to ensure that his accountant's conduct was compatible with Taylor's professional obligations. The Committee determined that Taylor had committed professional misconduct and suspended Taylor from the practice of law for twenty-four months, beginning March 1, 2023. The judgment actively suspended Taylor for six months and imposed an eighteen-month period of probated suspension. Further, the Committee ordered Taylor to pay restitution to his client in the amount of $20,000 and to pay attorneys' fees and to direct expenses to the State Bar of Texas.

¶3. Taylor is a member of the Mississippi Bar but is currently suspended for nonpayment of mandatory bar enrollment fees. Under Rule 13(a) of the Rules of Discipline for the Mississippi State Bar,

> Upon being disciplined in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall forthwith, but no later than 15 days upon the imposition of such discipline, provide Complaint Counsel a certified copy of the discipline. Failure to provide the certified copy forthwith shall, upon petition by Complaint Counsel, result in the immediate suspension of the attorney pending final resolution by the Court.

M.R.D. 13(a). Taylor failed to adhere to the mandates of Rule 13(a).

¶4. The Mississippi Bar asserts that Taylor's conduct is a violation of Mississippi Rules of Professional Conduct 1.15 and 5.3 and asks this Court to discipline Taylor appropriately. Taylor made no response to the Mississippi Bar's complaint.

2

¶5.    Because Taylor failed to comply with Mississippi Rule of Discipline 13(a), this Court ordered the immediate suspension of Taylor from the practice of law in Mississippi. Order, ***Miss. Bar v. Taylor***, No. 2023-BD-00506-SCT (Miss. Sept. 21, 2023).

## ANALYSIS

¶6.    "This Court possess[es] 'exclusive and inherent jurisdiction' over the discipline of attorneys under the Mississippi Rules of Discipline." ***Miss. Bar v. Belleperche***, 326 So. 3d 479, 480 (Miss. 2020) (internal quotation marks omitted) (quoting ***Miss. Bar v. Thomas***, 291 So. 3d 306, 307 (Miss. 2019)). The Mississippi Bar generally holds the burden "to show by clear and convincing evidence that an attorney's actions constitute professional misconduct." ***Miss. Bar v. Pels***, 708 So. 2d 1372, 1374 (Miss. 1998) (citing ***Miss. Bar v. Alexander***, 669 So. 2d 40, 41 (Miss. 1996)). But "[a] final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi." M.R.D. 13(b). Further, "[i]n this Court's application of the reciprocity doctrine, the sanction imposed here generally mirrors the sanction imposed in the sister state, absent 'extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction.'" ***Thomas***, 291 So. 3d at 307 (quoting ***Miss. Bar v. Drungole***, 913 So. 2d 963, 970 (Miss. 2005)).

¶7.     Although Taylor is not a member in good standing of the Mississippi Bar, he remains subject to discipline. *See Miss. Bar v. Inserra*, 855 So. 2d 447, 451 (Miss. 2003). This Court considers nine criteria when imposing sanctions:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Miss. Bar v. Malone*, 364 So. 3d 607, 612 (Miss. 2022) (quoting *Thomas*, 291 So. 3d at 307).

¶8.     The Texas State Bar found that Taylor had failed to properly supervise his accountant and had failed to safeguard $20,000 in settlement funds. The Mississippi Bar states that Taylor violated Mississippi Rules of Professional Conduct 1.15 and 5.3. This Court previously has imposed a thirty-month suspension for, *inter alia*, an attorney's failure to properly supervise a paralegal leading to a client's loss of $500. *Miss. Bar v. Thompson*, 5 So. 3d 330, 333 (Miss. 2008); *In re Reinstatement of Thompson v. Miss. Bar*, 156 So. 3d 226, 227 (Miss. 2013). Taylor failed to respond to the Bar's complaint and has offered no reason or argument why the reciprocal discipline should not equal that of the Texas State Bar. Therefore, we order Taylor actively suspended from the practice of law in Mississippi for a twenty-four month period beginning from the point at which Taylor pays his mandatory bar dues and is reinstated. Because Taylor's suspension is for greater than six months, Taylor must petition to be reinstated. M.R.D. 12.2.

4

¶9.    The Bar additionally requests that Taylor pay the costs and expenses occasioned by the filing of the formal complaint. Rule 25 of the Rules of Discipline for the Mississippi Bar provides that this Court "may assess costs incurred in the investigation, prosecution and defense of any disciplinary matter as justice may require." M.R.D. 25(a). The Bar asks that it be reimbursed $200 for the formal complaint filing fee and $16.13 for the service of process postage fee, for a total of $216.13, to be paid within thirty days of the entry of an order in this matter. We assess Taylor all costs of this disciplinary proceeding.

## CONCLUSION

¶10.    We suspend Taylor from the practice of law in the State of Mississippi for a period of twenty-four months beginning from the point at which Taylor pays his mandatory bar dues and is reinstated. Further, we assess Taylor all costs and expenses of this disciplinary action and hold that Taylor shall reimburse the Mississippi Bar the sum of $216.13, to be paid within thirty days of the date of this decision.

¶11.    **EUGENE EDWARD TAYLOR, III, IS SUSPENDED FROM THE PRACTICE OF LAW IN MISSISSIPPI FOR TWENTY-FOUR MONTHS BEGINNING FROM THE POINT AT WHICH TAYLOR PAYS HIS MANDATORY BAR DUES AND IS REINSTATED. WE ASSESS TAYLOR ALL COSTS AND EXPENSES OF THIS DISCIPLINARY ACTION. TAYLOR SHALL REIMBURSE THE MISSISSIPPI BAR $216.13, TO BE PAID WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

5